UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| William S Fletcher <br><br> Plaintiff, <br><br> vs. <br><br> Idaho Department of Correction <br> Idaho Commission of Parole <br> Sandy Jones <br> Karen Clifford <br><br> Defendant. | Case No. 1:18-cv-267-BLW <br><br> **COMPLAINT** <br> **(28 U.S.C. § 1331: federal question)** <br><br> Jury Trial Requested ✓ yes ___ no |

## 1. JURISDICTION

Jurisdiction in this case is based on a federal question (meaning that this suit is based upon a federal statute or provision of the United States Constitution):

☑ Federal Statute: ~~Constitutional Rights Violation of Due process~~
☑ United States Constitution
☐ And a state law claim under the Court's supplemental jurisdiction authority.

## 2. PLAINTIFF

My name is William S Fletcher. I am a citizen of the State of Idaho,

presently residing at 1794 S Gullett Street ~~(?)~~ Apt 104 Boise Id 83705

## 3. DEFENDANT AND CAUSES OF ACTION (official capacity) Idaho Commission of Pardon & Parole

A. I am suing SANDY JONES, Executive Director of Idaho Commission of Pardon and Parole

I am suing KAREN CLIFFORD supervisor District [4] Parole Officer in official capacity for Idaho Commission of Pardon and Parole.

## B (FACTUAL BASIS OF CLAIM)

Feb 1 2018 as a condition of parole, the plaintiff was labeled as a sex offender and classifications of sex offender on a non-related sex offense which is Injury to a Child I.C. § 18-1501 [1].

Injury to a Child I.C. § 18-1501 [1] is defined as any person who under circumstances or condition likely to produce great bodily harm or death, willfully causes or permits any child to suffer or inflicts thereon unjustifiable physical pain or mental suffering, or permits the person health of such child to be insured or willfully causes or permits such child to be placed in such situation that it person or health is endangered is punishable by imprisonment in county jail not to exceeding one [1] year, or in the state prison for not less than [10] years.

In according to Idaho Constitution Title 18 Crimes and Punishment Chapter 15, Injury to a Child 18 1501[1] is not classified as sexual base offense;
Wherefore the plaintiff being on sex offense conditions and classified as a sex offender deprive the plaintiff William S. Fletcher of liberty freedom of being classified and

Drethe v. Coleman, 395 F.3d 216 [5th Cir 2004]
A prisoner seeking parole on a non sex-related offense was force to submit to sex offender therapy as a condition of parole have a due process liberty interest in freedom from a sex offender classification as a condition of parole.

C. [Legal Basis of Claim]
Due process of liberty interest, "Stigma plus" test

D. Mental, Emotional Spiritual Anguish as Plaintiff has to abide by sex offender condition classification and has been ban from use of internet, smart phone, living in certain areas, no communication with minors including own children, neeces, nephew, church members; no allowed to go any where near no movie theather, bowling alleys pool halls other's etc. ie..

E. I seek the following relief;
Preliminary Injunction against defendants, stopping them for forcing him into unconstitutional parole conditions.

Also seeking $150,000.00 thousand dollars in damages for emotional distress, mental anguish

Placing the plaintiff in such conditions made him live isolated from others / community and afraid to go out in public after being label as a sex offender

## 4. DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury:

that I am the plaintiff in this action, that I have read the complaint, and that the information contained in the complaint is true and correct, as required by 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Executed at  United States District Court  on  June 11 2018
             (Location)                                (Date)

_____
Plaintiff's Original Signature

MAXIMUM EXPIRATION: (1) Case #CR-FE-2013-5474, May 20, 2023

TO WHOM THESE PRESENTS SHALL COME, GREETINGS:

WHEREAS, on the 12th day of November, 2013, WILLIAM J. FLETCHER was sentenced by the Judge of the District Court of the State of Idaho, in and for the County of Ada to be committed to the Idaho State Board of Correction for the crime of Injury To Children 18-1501 (1), Count 1, Court Case CR-FE-2013-5474, for a term not to exceed ten (10) years.

NOW THEREFORE, the State Commission of Pardons and Parole by virtue of the authority vested in it by the laws of the State of Idaho, hereby authorizes the Executive Director of the Idaho State Commission of Pardons and Parole to allow the said WILLIAM J. FLETCHER to go on parole outside an institution effective this date, subject to the conditions enumerated on the reverse side of this document and Special Conditions, if any, given below.

This parole is granted to and accepted by the parolee subject to all its terms and conditions and with the understanding that the Commission of Pardons and Parole may, at any time, in case of violation of the terms of this parole, cause the parolee to be returned to an institution to serve the full maximum sentence or any part thereof. Maximum sentence date could change if time on parole is forfeited (due to parole revocation) or if time is not credited (due to fugitive status).

The parolee will be under the jurisdiction of Probation and Parole for a minimum of at least one (1) year but not to exceed the maximum sentence. The parolee shall abide by all conditions until a final discharge has been effected.

In the event of any period of confinement imposed upon parolee pursuant to I.C. § 20-229B, parolee will obey all Idaho Department of Correction and individual facility rules, policies, and procedures, and cooperate fully with correctional staff.

Based on your crime(s) and Idaho Administrative Code 250.07.b, your Parole Officer or other designated agent may petition the Commission to consider an early discharge based on the following schedule:

- For offenses deemed violent or sexual in nature, early discharge will not be considered until you have served a minimum 1/3 of your remaining sentence.
- For life sentences, early discharge will not be considered until you have served a minimum of five years on parole.
- For all other offenses, early discharges will not be considered until you have served a minimum of one year on parole.

SPECIAL CONDITIONS:

1. Remain alcohol and drug free, which includes not using marijuana and not having a medical marijuana card. Do not enter any establishment where alcohol is the main source of income.

2. Follow the aftercare plan recommended by IDOC.

3. Obtain a sex offender evaluation as directed by the Commission, or supervising personnel and comply with all directives for treatment/counseling.

4. Do not associate with a minor child under the age of 18 years unless a responsible adult, approved by supervising personnel, is present.

5. Do not frequent any establishment where pornographic material is the main source of income nor possess pornographic material, to include the use of a computer. You are ordered to have no access, or restricted access upon Commission approval, to the Internet, or use of any/all devices that afford such access.

6. Submit to polygraph and/or plethysmograph testing at the request of the treatment providers and/or supervising personnel.

7. You must register as a sex offender if dictated by law.

8. May not enter into any relationship until the Parole Officer and treatment provider approves.

9. Pay restitution as determined by the courts. You must make payment to the sentencing court for fines and other assessments, which were ordered at the time of sentencing. Establish and follow a payment schedule as determined by the Parole Officer.

10. The parolee will not associate with known felons (unless specifically allowed by the Commission or supervising personnel); persons involved with illegal activity, or other persons as identified by supervising personnel.

11. Have no contact with the victim of your crime.

12. If paroling within the state of Idaho, the Commission will allow the parole officer to use discretionary jail time of ten (10) days for the term of subject's parole. If paroling outside of the state of Idaho, if the subject returns to Idaho while still under parole supervision, the Commission will allow the parole officer ten (10) days discretionary jail time for the remaining term of the subject's parole with all options available if the PO approves. All costs for options in lieu of jail time will be paid by the offender.

GENERAL CONDITIONS:

1. Parolee will go directly to the destination approved by the Commission for Pardons and Parole and, upon arrival, report as instructed to the parole officer or person whose name and address appear on the arrival notice. Any deviation in travel plans will require prior permission from the Commission staff.

2. Parolee shall (a) work diligently in a lawful occupation or a program approved by the Commission or supervision officer and not change employment or designated program without written permission from the Commission or supervising officer, (b) support dependents (if any) to the best of his/her ability, and (c) live within lawful income without incurring unnecessary indebtedness.

Next Page→

3. Parolee shall submit a complete and truthful report to the assigned parole officer, or other person designated by the Commission, on forms available, before the fifth (5th) day of each month, or as otherwise instructed.

4. If at any time it becomes necessary to communicate with the assigned parole officer or other official designee and s/he is unavailable, communication will be directed to the district supervisor.

5. Parolee will: (a) obey all municipal, county, state and federal laws; (b) conduct him/herself in a manner which is not, nor is intended to be, harmful to him/herself or others; (c) enter into and comply with an agreement of supervision with the Board of Correction; (d) not purchase, own, sell, or have in his/her possession or control, to include storing in residence, vehicle, etc., any type of firearm for whatever purpose; (e) not have any dangerous weapon used or intended to be used for other than normal or usual purposes, such as knives for household use.

6. Parolee shall: (a) abstain from use of alcoholic beverages; (b) abstain completely from the possession, procurement, use, or sale of narcotics or controlled substance, except as prescribed by a licensed medical practitioner; (c) freely cooperate and voluntarily submit to medical and chemical tests and examinations for the purpose of determining if parolee is using, or under the influence of alcohol or narcotics, which may be at parolee's expense; (d) participate in treatment programs as specified by the Commission or ordered by the parole officer.

7. Parolee is fully advised that written permission is required for the following: (a) willfully changing job, (b) willfully changing residence, (c) leaving assigned district of the State of Idaho.

8. Parolee will submit to a search of person or property, to include residence and vehicle, at any time and place by any agent of Field and Community Services and s/he does waive constitutional right to be free from such searching.

9. If another jurisdiction has lodged a detainer against a parolee, parolee may be released to the custody of the jurisdiction. Should parolee be released from their custody prior to the expiration of the Idaho parole, or should the detainer be adjudicated without incarceration, parolee will: (a) report immediately to the nearest Adult Parole and Probation office for instructions concerning placement under supervision, if appropriate; and (b) contact the Executive Director of the Parole Commission to advise of address, employment, etc., within five (5) days after release from custody.

10. The parolee will not abscond from supervision as defined by the Absconder Policy issued by the Board of Correction.

11. While on parole, have no affiliation with any criminal gang, to include outlaw motorcycle gangs.

Dated in Boise, Idaho, this 1st day of February, 2018.

IDAHO STATE COMMISSION OF PARDONS AND PAROLE

_Sandy Jones_
EXECUTIVE DIRECTOR OR DESIGNEE

THIS IS TO CERTIFY THAT I have read, or have had read to me, and fully understand and accept all the conditions, regulations and restrictions under which I am being released on parole. I will abide by and conform to them strictly, and fully understand that my failure to do so may result in the revocation of my parole.

_[signature]_
Signature of Parolee

STATE OF IDAHO
COUNTY OF ADA

On the 1st day of February, 2018, before me came WILLIAM J. FLETCHER to me known to be the individual described herein, and who executed the foregoing instrument and acknowledged that he/she executed same.

_Billie Zeob_
NOTARY PUBLIC
Commission Expires: 02/05/2021

[Notary Seal: BILLIE ZEOBER, NOTARY PUBLIC, STATE OF IDAHO]