In the United States District Court

For the District of Idaho

1:18-cv-00267-BLW

Addendum

Civil Case/ Injunction

Motion for Review in Interest of Justice

William J. Fletcher

Vs.

Idaho Department of Corrections

Idaho Commission of Pardons and Parole

Sandy Jones

Karen Clifford

Comes Now the Plaintiff, William J. Fletcher in the above case, hereby file motion of review in this case as there has been several more Federal Constitutional Rights being Violated each day and the Plaintiff continue to suffer from these Unconstitutional rules and regulation set forward by The defendants, Idaho Department of correction, Idaho Pardon and Parole Commission, Sandy Jones Executive Director, and Karen Clifford Sex offender supervisor over sex offenders Parole officers

**Summary Background**

On June 11, 2018 a civil complaint/injunction Relief was filed against the defendants for the extreme violations of the Plaintiff Federal Constitutional rights, under the "Stigma Plus" test, of the Plaintiff Liberty interest of Due Process in Avoiding Public Labeling as a Sex Offender to a non- sex related offense.

After serving 4 years 9 months Plaintiff was released on parole (Feb. 1, 2018), The defendants in the above case has continue to label Mr. Fletcher as a sex offender by placing him

in sex offender classes and forcing him to abide by Sex Offender Parole when he was not charged or convicted of a sex offense. This is a clear violation of Mr. Fletcher liberty interest of due process under the "Stigma Plus Test"

Smith v. Doe; also refer to *Gwinn v. A.W. Miller, 354 F. 3d 1211 [10th Cir. 2004]* states that upon release, sex offender registration might constitute a deprivation of liberty under the "Stigma-Plus" Test, which requires a plaintiff to show that"

1. The Government made a Statement about him or her that is sufficiently derogatory to insure his or her reputation that is capable of being proved false, and that he or she asserts is false

2. The plaintiff experienced some governmentally imposed burden that 'significantly Altered his or her status as a member of state Law" *Gwinn, 354 F.3d at 1216*

An earlier Pre- Smith decision held that a prisoner has a liberty interested in Avoiding Labeling as a sex offender on release; with its stigmatization and subjection to behavioral modification programs creates a liberty interest.

*Kirby v. Siegel man, 195 F.3d 1285, 1291 [11th Cir.1999] also view accord; Doe v. Prayor, 61 F.supp.2d 1224, 1231 [M.D. ALA 1994].*

Holding sex offender's community notification statute is a deprivation of liberty since it will damage the plaintiff's reputation and standing on the community and deprive him of state law rights to move without notifying state officials, to live with minor child (son, daughter, nephew or niece) or live in certain locations also foreclose employment and housing opportunities beyond those explicitly forbidden, and deprive the plaintiff of his legitimate privacy interest in his home address satisfying the 'Stigma Plus" Test;

*Roe v. Farewell, 999 I. supp. 174, 195-96 [D. Mass. 1998]* Finding Liberty interest protected by Due Process in Avoiding Public Labeling as a sex offender Based on state court decisions.

A Prisoner seeking Parole on a non- sex related offense was forced to submit to sex offender therapy as a condition of parole have a Due Process Liberty interest in freedom from a sex offender classification as a condition of Parole. *Dretke v. Colemen, 395 F.3d 216 [5th Cir. 2004]*

The Plaintiff Should be entitle to injunction relief against all defendant and compensated monetary relief.

**OTHER UNDERLING FACTS OF THE PLAINIFF CASE:**

On April 27, 2013, The Plaintiff was originally INDICTED on two counts of Lewd Conduct with minor under 16, followed by an arrest on May 21, 2013. The indictment indicated that the defendant rape and sexual physical penetrated his 8-year-old step daughter on many occasions for several years. The State HAD NO PHYSICAL EVIDENCE OR DNA IN SUPPORT OF THESE ALLEGATION AND REFUSE TO ALLOW THE PLAINIFF TO CROSS EXAMING HIS ACCUSERS.

On June 4, 2013 before being arraigned on the (2) Counts of Lewd Conduct with minor under 16, Mr. Fletcher was offering to accept a Plea deal of One count of Sexual abuse of a minor under 16 which he rejected on the spot without any hesitation.

After being arraigned on the indicted charges, and asking to the accuser, after being assaulted by an Ada county sheriff Deputy, around September 16, 2013 Mr. Fletcher was visited by his public

Defender (Pretender) visited me and told me The State of Idaho offered me a new deal to plea to injury to a child (F) 18-1501 (1), which was rejected and Mr. fletcher walked out the meeting.

On September 28, 2013, Mr. Fletcher was visited by his Public Defender (Pretender) again with the same plea deal he previous rejected and was told if he did not accept plea terms The State Would Convicted him of original charges even the he may be innocent.

October 1, 2013, Mr. Fletcher enter an Alford plea, not admitting to charges against him, to Injury to a Child I.C.$ 18-1501 (1) for causing mental suffering to the victim by rubbing the vaginal opening while given her a bath and washing her with too much soap. Mr. Fletcher was sentence to a unified sentence of 10 years, 3 years fixed with 7 years indeterminate.

## THE LAW- INVALID CONVICTION IN ACCORDANCE TO ARTICLE I & 8 OF IDAHO CONSTITUTION.

- "No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a Grand Jury or an information of the public prosecutor after a commitment by a magistrate followed by a preliminary hearing"

**Idaho Code Statute 19- 1420**

- An information or indictment **CANNOT** be AMENDED so as to charge an offense other than that for which the defendant was held to answer:

Wherefore, the charge of Injury to A Child I. C. S. 18-1501 (1) would be consider an invalid charged as it is a different offense charged in the amended complaint then those chargers in the original indictment which Mr. Fletcher was held to answer in court.

Mr. Fletcher was never arraigned on the new charge of injury to a child (F) I.C.S.18-1501(1),

The District Court did not have **Subject Matter Jurisdiction** over the amended charged in the underlying criminal case of Injury to a child which the information alleged a different offense then alleged in the original indictment 2 counts of Lewd conduct with minor under 16, and information was not based on a commitment by a magistrate following a Preliminary hearing or its waiver. STATE V. FLEGAL, 151 IDAHO 525,530 [2011]

## CONCLUSION:

The Plaintiff Should be entitled to injunction relief and monetary relief against all the defendants in according to state law and the federal constitution, for violation of Due Process and being labeled as a sex offender upon release from prison and subject to sex offender therapy as a condition of parole on a non - sex offense related charge

Request

From when

Monetary relief of $20,000 thousand dollars month each defendant, violated the plaintiff due process of liberty interested under the "Stigma Plus Test"

William J. Fletcher #109593

1794 south Annett street Apt 104

Boise, Id 83705