UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM S. FLETCHER,<br><br>    Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRETIONS, IDAHO COMMISSION OF PARDON & PAROLE, SANDY JONES, KAREN CLIFFORD<br><br>    Defendants. | Case No.: 1:18-cv-00267-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiff's Motion for Temporary Injunction or Stay (Dkt. 9). Having reviewed the briefing, as well as the record in this case, the Court has determined that oral argument is unnecessary. Accordingly, the Court enters the following Order.

## BACKGROUND

On June 11, 2018, Plaintiff William Fletcher filed a complaint against Defendants the Idaho Department of Corrections, Idaho Commission of Pardon & Parole, its executive director Sandy Jones, and Karen Clifford, Mr. Fletcher's parole officer. Dkt. 2 at 2. Mr. Fletcher alleged that Defendants had violated his "due process of liberty interest" under the "stigma plus test" by conditioning his parole on compliance with

several sex offender restrictions. *Id.* at 2-3. On February 15, 2019, Mr. Fletcher filed the Motion for Temporary Injunction or Stay now before the Court.

## LEGAL STANDARD

A Rule 65 preliminary injunction may be granted if the moving party demonstrates the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Doe v. Kelly,* 878 F.3d 710, 719 (9th Cir. 2017). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video Satellite v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions of the parties until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). In deciding whether to issue a preliminary injunction, the Court "is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir.1986). Because the first element—likelihood of success on the merits—is "a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, [a district court] need

not consider the remaining three." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (internal quotation marks omitted).

The Court also notes that Mr. Fletcher is proceeding in this matter pro se, and as such his Motion must be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed...."). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

## ANALYSIS

In his Motion, Mr. Fletcher asks the Court to stop Defendants from infringing his constitutional rights by labeling him as a sex offender and "place[ing him] under the sex offender parole on a non sex offender charge or offense." Dkt. 9 at 1. Mr. Fletcher notes that these conditions may force him to move out of his apartment because a school was just built nearby. *Id.* He further argues that he showed the Court in his initial filings that his state court conviction is unconstitutional because he was not arraigned on the charge in the indictment. *Id.* at 1-2. Specifically, Mr. Fletcher asks the Court to enjoin or stay Defendants from imposing conditions of parole, and instead release him on his own recognizance. *Id.* at 2.

Although it is not entirely clear from the face of Mr. Fletcher's Complaint or Motion for Temporary Injunction or Stay, he appears to be bringing a Section 1983 defamation claim "under the stigma-plus test." *See* Dkts. 1, 9. A cognizable defamation claim under this test requires a plaintiff to allege an injury to reputation "plus" a loss of a

recognizable property or liberty interest. *Cooper v. Dupnik*, 924 F.2d 1520, 1532 (9th Cir. 1991). To prove defamation in Idaho, a plaintiff must show that the defendant: "(1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication." *Irish v. Hall*, 163 Idaho 603, 607, (2018). The Ninth Circuit has indicated two ways that a plaintiff could meet the so-called "plus" part of the test: (1) allege that the injury to reputation was inflicted in connection with a federally protected right; or (2) allege that the injury to reputation caused the denial of a federally protected right." *Crowe v. County of San Diego*, 608 F.3d 406, 444 (9th Cir. 2010).

     Mr. Fletcher's Motion does not show a likelihood of success on the merits of a defamation claim, let alone a defamatory constitutional tort under the "stigma-plus" test. For one thing, Mr. Fletcher does not allege the supposed defamatory material was published to a third party. Failure to allege the first element of the alleged defamatory statement suggests Mr. Fletcher would not be likely to succeed on his claim. *See Hall* 163 Idaho at 607. Nor does Mr. Fletcher connect the state's alleged defamation to the loss of a recognizable property or liberty interest, which does not allow the Court to assess Mr. Fletcher's likelihood of success on the "plus" factor of the alleged defamation under the stigma plus test. Because Mr. Fletcher has not demonstrated that he is likely to succeed on the merits of his defamation claim under the "stigma-plus" test, the Court will deny his Motion.

While the Court need not consider the other three factors, it notes that Mr. Fletcher has also failed to allege the sort of irreparable injury that would justify granting preliminary injunctive relief. For the foregoing reasons, the Court will deny Plaintiff's Motion for Temporary Injunction or Stay (Dkt. 9).

**ORDER**

**IT IS ORDERED:**

1. Defendant's Motion for Temporary Injunction or Stay (Dkt. 9) is **DENIED**.

DATED: February 27, 2019

_____
B. Lynn Winmill
U.S. District Court Judge