UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM S. FLETCHER,<br><br>    Plaintiff,<br><br>    v.<br><br>IDAHO DEPARTMENT OF CORRETIONS, IDAHO COMMISSION OF PARDON & PAROLE, SANDY JONES, KAREN CLIFFORD<br><br>    Defendants. | Case No.: 1:18-cv-00267-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 18). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented and oral argument is unnecessary. *See* Loc. Civ. R. 7.1(d)(2)(ii). For the reasons explained below, the Court will grant the motion in part and deny the motion in part.

## INTRODUCTION

In his Complaint, Plaintiff William Fletcher seeks injunctive relief and damages from Defendants the Idaho Department of Correction, the Idaho Commission of Pardons and Parole, Sandy Jones in her official capacity as Executive Director of the Idaho Commission of Pardons and Parole, and Karen Clifford in her official capacity as District 4 Deputy Manager for the Idaho Department of Correction. Mr. Fletcher appears to base

his damages claim and request for injunctive relief on a lack of due process in being "labeled as a sex offender and classifications of sex offender on a non-related sex offense which is injury to a child I.C. § 18-1501(1)." Dkt. 2 at 2. Although not mentioned with specificity in the complaint, the Court assumes Mr. Fletcher seeks relief for alleged constitutional violations under 42 U.S.C. § 1983.

Mr. Fletcher alleges that Defendants began the course of unconstitutional conduct on February 1, 2018, when they imposed conditions on his parole. Dkt. 2 at 5-6. Mr. Fletcher attaches a copy of the parole conditions to his complaint. *Id.* He alleges that he has been wrongly "labeled as a sex offender" because his conviction under I.C. § 18-1501(1), ("Injury to a Child"), is "not classified as a sexual base offense." *Id.* at 2; *see also* I.C. § 18-8304(1)(a). The parole conditions indicate that Mr. Fletcher is required to register as a sex offender "if dictated by law." *Id.* at 5-6. The parole conditions also require Mr. Fletcher to obtain a sex offender evaluation and comply with related counseling. *Id.* He is further prohibited from using the internet or having an internet-capable device. *Id.* The parole conditions also require Mr. Fletcher to undergo penile plethysmograph testing at the request of treatment providers or supervising personnel, to avoid pornography, and to avoid associating with minor children under the age of eighteen. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true legal conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after Iqbal). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

Plaintiff presumably brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations.

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor,* 880 F.2d at 1045. However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205-09.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim, and he must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Defendants move to dismiss Mr. Fletcher's Complaint for two reasons: first, that the Defendants are immune to these claims under the Eleventh Amendment, and second, because Defendants do not fit the definition of "person" under 42 U.S.C. § 1983. For the reasons that follow, the Court will grant Defendants' motion to dismiss Plaintiff's claims for damages and Plaintiff's claims for injunctive relief against Defendants Idaho Department of Corrections and Idaho Commission of Pardons and Parole, but will deny Defendants' motion to dismiss the claims for injunctive relief against Defendants Sandy Jones and Karen Clifford in their official capacities.

1. **Monetary Damages**

Defendants first argue that the Court should dismiss Plaintiff's claims because the Eleventh Amendment prohibits claims for damages against states or officers of the state serving in their official capacities. Dkt. 18-1 at 4. Under the Eleventh Amendment, citizens are barred from suing their state for damages in federal court without consent of the state. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000); *Miranda v. Kitzhaber*, 328 F.3d 1181, 1185 (9th Cir. 2003). This immunity extends to state agencies and instrumentalities. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Krainski v. Nevada ex rel. Bd. Of Regents of Nevada System of Higher Educ.*, 616 F.3d 963, 969 (9th Cir. 2010).

In determining whether Defendants Idaho Department of Corrections and Idaho Commission of Pardons and Parole are "state agencies" or "instrumentalities," the Court considers the following factors:

> (1) whether a money judgment would be satisfied out of state funds; (2) whether the entity performs central governmental functions; (3) whether the

> entity may sue or be sued; (4) whether the entity has the power to take property in its own name or only the name of the state; (5) the corporate status of the entity.

*Mitchell v. Los Angeles Comm. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). The first of these factors is dispositive. In *Stoner v. Santa Cara Cy. Office of Educ.*, the Ninth Circuit considered only the first *Mitchell* factor, noting the "well-established Eleventh Amendment principle that a governmental entity may be an arm of the state protected by sovereign immunity where the state is functionally liable, even if not legally liable, on money judgments against the state entity." 502 F.3d 1116, 1122-23 (9th Cir. 2007). Therefore, where the functional or ultimate legal liability for a state agency falls to the state itself, the Court will recognize Eleventh Amendment immunity of that state agency. *See Sadid v. Idaho State University*, 837 F.Supp.2d 1168, 1173 (D. Idaho 2011).

Defendants Idaho Department of Corrections and Idaho Commission of Pardons and Parole are both state agencies entitled to Eleventh Amendment immunity. *See Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988) (holding that the Idaho Department of Corrections is part of the state for Eleventh Amendment purposes). Under Article IV, §20 of the Idaho Constitution, The Board of Correction and the Commission of Pardons and Parole are executive departments of the State. I.C. §20-201. The state would be liable for any money judgments against either Defendant agency. Furthermore, the three exceptions to Eleventh Amendment immunity — when a state waives its immunity, when Congress grants constitutional authority to abrogate immunity, and when a suit against a state official seeks injunctive relief — do not apply to the damages claims against Idaho

Department of Corrections or the Idaho Commission of Pardons and Parole. *Douglas v. Cal. Dept. of Youth Auth.,* 271 F.3d 812, 817 (9th Cir. 2001). The claims for damages against Defendants Idaho Department of Corrections and Idaho Commission of Pardons and Parole must therefore be dismissed with prejudice.

Mr. Fletcher further seeks damages from Defendants Sandy Jones and Karen Clifford in their official capacities. Eleventh Amendment immunity also bars suits for damages against state officials in their official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Thornton v. Brown*, 757 F.3d 834, 839-40 (9th Cir. 2013) ("Absolute immunity does bar Plaintiff's claim for damages against his parole officers for imposing allegedly unconstitutional parole conditions."). The claims for damages against these Defendants will therefore be dismissed with prejudice as well.

Because Plaintiff's damages claims are barred by the Eleventh Amendment, the Court will grant Defendants' motion to dismiss the claims for monetary damages.

2. **Injunctive Relief**

Defendants' arguments about Eleventh Amendment immunity apply with equal force to the claims for injunctive relief against state agencies—Defendants Idaho Department of Corrections and Idaho Commission of Pardons and Parole. None of the exceptions to Eleventh Amendment immunity discussed above apply in this case, so the Court will grant the motion to dismiss the claims for injunctive relief against these two state-agency defendants. *See Douglas,* 271 F.3d at 817.

But Eleventh Amendment immunity does not bar Mr. Fletcher from seeking injunctive relief against Defendants Jones or Clifford acting in their official capacities. When sued for prospective injunctive relief, a state official in his or her official capacity is considered a "person" for § 1983 purposes. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In what has become known as part of the *Ex Parte Young* doctrine, a suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity. *Ex Parte Young*, 209 U.S. 123 (1908); *see also Thornton v. Brown*, 757 F.3d at 845-46 (9th Cir. 2013) (overruling dismissal of a parolee's § 1983 claims for injunctive relief against state officials acting in their official capacities). Because suits for injunctive relief against state officials under § 1983 fall under a well-trodden exception to Eleventh Amendment immunity, the Court will deny Defendants' motion to dismiss the claims for injunctive relief against Defendants Jones and Clifford.

Accordingly, the Court will allow the claims for injunctive relief against Defendants Sandy Jones and Karen Clifford to proceed against them in their official capacities.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss (Dkt. 18) is **GRANTED IN PART** as to Plaintiff's claims for monetary damages and Plaintiff's claims for injunctive relief against Defendants Idaho Department of Corrections and Idaho

Commission of Pardons and Parole, but **DENIED IN PART** as to Plaintiff's claims for injunctive relief against Defendants Sandy Jones and Karen Clifford in their official capacities.

DATED: August 6, 2019

_____
B. Lynn Winmill
U.S. District Court Judge