LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L OLSEN
Chief of Civil Litigation Division

LESLIE M. HAYES, ISB #7995
Deputy Attorney General
Civil Litigation Division
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
leslie.hayes@ag.idaho.gov

Attorney for Sandy Jones and Karen Clifford

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM FLETCHER, | ) Case No. 1:18-CV-0267 |
| Plaintiff, | ) |
| vs. | ) **MEMORANDUM IN SUPPORT OF** |
| | ) **DEFENDANTS' MOTION FOR** |
| | ) **SUMMARY JUDGMENT** |
| IDAHO DEPARTMENT OF CORRECTION, IDAHO COMMISSION OF PARDONS AND PAROLE, SANDY JONES AND KAREN CLIFFORD, | ) |
| Defendants. | ) |

Defendants Sandy Jones and Karen Clifford ("Defendants") by and through their attorney of record, Deputy Attorney General Leslie M. Hayes, submit this Memorandum in Support of Defendants' Motion for Summary Judgement and ask this Court to dismiss Plaintiff William Fletcher's claim for injunctive relief against Defendants.

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 1

All facts contained in Defendants' Statement of Undisputed Material Facts ("SOF") are hereby incorporated by reference.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff William Fletcher ("Fletcher") filed a complaint on June 11, 2018, seeking injunctive relief and damages from Defendants Idaho Department of Correction, Idaho Commission of Pardon & Parole, Sandy Jones in her official capacity as Executive Director of the Idaho Commission of Pardons and Parole, and Karen Clifford in her official capacity as District 4 Deputy Manager for the Idaho Department of Correction.  Fletcher's Complaint requested injunctive relief from "unconstitutional" parole conditions (being classified as a sex offender on a non-related sex offense – injury to a child I.C. § 18-1501(1)) and money damages for "emotional distress, mental anguish, and placing the plaintiff in such conditions made him live isolated from others/community and afraid to go out in public after being labeled as a sex offender." Dkt. 2 at 3.  Defendants filed a Motion to Dismiss (Dkt. 18) on June 21, 2019, moving the Court to dismiss all claims against all Defendants based on immunity under the Eleventh Amendment and because the Defendants do not fit the definition of "person" under 42 U.S.C. § 1983.  The Court granted Defendants' Motion to Dismiss in part as to Plaintiff's claims for monetary damages and his claims for injunctive relief against Defendants Idaho Department of Correction and Idaho Commission of Pardons and Parole.  Plaintiff's claims for injunctive relief against Defendants Sandy Jones and Karen Clifford in their official capacities was allowed to proceed.

Defendants now file this Motion for Summary Judgment seeking dismissal of Plaintiff's remaining claim – that he subject to "unconstitutional" parole conditions – on the grounds that none of the terms of Fletcher's conditional release on parole are "unconstitutional" because while some of the terms are the same terms that apply to individuals who have committed a sex offense,

Fletcher is not labelled as a sex offender and he is not required to register as a sex offender. For this reason, Fletcher's claims lack merit and should be dismissed.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Fed. R. Civ. P. 56 if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Arguments about "irrelevant or unnecessary facts" do not factor into a decision on a motion for summary judgment, *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987); rather, there must be genuine dispute as to material facts, and material facts are those that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.   ARGUMENT

There is no infringement on Fletcher's liberty interest because Fletcher is not required to register as a sex offender in Idaho. *See* I.C. § 18-8304; *Statement of Undisputed Material Facts*, ("SOF") ¶¶ 5, 8, 14. Instead, Fletcher is simply contesting the terms of his probation, which was a voluntary agreement for him to be conditionally released on parole. *SOF*, ¶ 2, 11.

The commission of pardons and parole is required to "[s]pecify in writing the conditions of parole for every prisoner released on parole and provide every prisoner released on parole with a copy of the conditions of parole[.]" I.C. §20-210A(4). The Commission is required to supervise all persons on parole and provide programming based on individual criminal risk factors and specific needs of the parolee. I.C. §§ 20-219(1)(b), (d). "In carrying out its duty to supervise felony probationers and parolees, the state board of correction shall use evidence-based practices, shall target the offender's criminal risk and need factors with appropriate supervision and intervention and shall focus resources on those identified by the board as moderate-risk and high-

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 3

risk offenders." I.C. § 20-219(5). There is nothing in Fletcher's conditions of parole that demonstrates anything more than these statutory obligations to rehabilitate parolees based on criminal risk facts and appropriate supervision. *SOF*, ¶¶ 11-12.

In order to establish a procedural due process claim, Fletcher must demonstrate that he has a liberty interest at stake. *See Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997). That liberty interest is something more than treatment programs and instead is the "stigmatizing consequences of the attachment of the 'sex offender' label." *Neal*, 131 F.3d at 830. A liberty interest can only be at stake if the state of Idaho or the Idaho Commission of Pardons and Parole "has formally identified Plaintiff as a 'sex offender.' . . . [T]hat is done only when a prisoner has been convicted in a court of law of a sex offense as defined in the Idaho Code." *Nigro v. Christensen*, 2020 WL 5414562, *6 (D. Idaho September 9, 2020). "There is no liberty interest involved in simply being required to attend prison rehabilitative programs, including sex offender treatment." *Peterson v. Reinke*, 2017 WL 1138135, *4 (D. Idaho 2017) (citing *Neal*, 131 F.3d at 830). "This holds true, so long as the requirement to attend a prison rehabilitative program, such as a sex offender treatment program, is not coupled with a stigmatizing 'classification.'" *Peterson*, 2017 WL 1138135, *4 (citing *Neal*, 131 F.3d at 830).

As outlined in his parole officer's declaration, Fletcher is not labeled, classified, or registered as a sex offender. Instead, he has been given targeted conditions for the purpose of rehabilitating him and appropriately supervising him while he is on parole. All of the parole conditions that Fletcher claims are "unconstitutional" have been crafted to address specific concerns in the rehabilitation of Mr. Fletcher and the protection of the general public. Further, he is not required to, nor has he, registered as a sex offender. Without pairing the second element to these "stigmatizing conditions" while on parole, Fletcher there is no genuine dispute that Fletcher's

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 4

claims have failed to rise to the level of a protected liberty interest that would require due process protections. For that reason, Defendants ask that judgment be granted in their favor.

## IV.     CONCLUSION

For these reasons and all the reasons presented in the record, this Defendants respectfully request the Court grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's claims with prejudice on the grounds and for the reasons that there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

DATED THIS 30th day of September, 2020.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By:   /s/ *Leslie M. Hayes*
LESLIE M. HAYES
Deputy Attorney General

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2020 I filed electronically the foregoing with the Clerk of the Court using the CMF/ECF filing system that served a true and correct copy of the foregoing to the CMF/ECF participants listed below:

N/A

AND I FURTHER CERTIFY that on such a date I sent the foregoing to the following non-iCourt registered participant **via First Class U.S. Mail, postage prepaid as follows:**

| | | |
|---|---|---|
| William Fletcher<br>6576 W. Douglas St.<br>Boise, ID  83705 | ☒<br>☐<br>☐<br>☐<br>☐ | U.S. MAIL<br>HAND DELIVERED<br>OVERNIGHT MAIL<br>FAX<br>EMAIL |

    /s/ *Leslie M. Hayes*
LESLIE M. HAYES